OPINION
{¶ 1} Plaintiffs Norman and Louise Schaft appeal a judgment of the Court of Common Pleas of Knox County, Ohio, entered in favor of defendants-appellees Neal and Pamela Costick. Appellants assign four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED APPELLANTS' CLAIMS, INCLUDING THEIR CLAIMS FOR ABUSE OF PROCESS AND FRAUD, AGAINST THE APPELLEES COSTICK, PURSUANT TO RULE 12 (B) OF THE OHIO RULES OF CIVIL PROCEDURE.
 {¶ 3} "II. THE TRIAL COURT ERRED IN PERMITTING APPELLEES TO PROSECUTE THEIR ACTION FOR FRIVOLOUS CONDUCT AND SANCTIONS WHEN THEIR CLAIM WAS NOT TIMELY FILED.
 {¶ 4} "III. THE TRIAL COURT ERRED IN FINDING THE APPELLANTS AND THEIR COUNSEL ENGAGED IN FRIVOLOUS CONDUCT WHEN APPELLEES FAILED TO MEET THEIR BURDEN OF PROOF ESTABLISHING THE SAME.
 {¶ 5} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING THE APPELLEES OVER $7,000.00 IN ATTORNEY FEES AS THE SAME WERE NOT REASONABLE, AND THE APPELLEES FAILED TO PROVIDE ANY EVIDENCE OF THE REASONABLENESS OF THE FEES."
 {¶ 6} The record indicates the Costicks entered into a purchase agreement to buy certain real estate from the Schafts. The purchase fell through, and in August of 1999, the Costicks brought suit against the Schafts for specific performance and monetary damages. The matter was eventually set for trial on March 6, 2001, but on that day the parties informed the court the matter had been settled. The court entered a judgment dismissing the matter with prejudice and taxing court costs to the Costicks. The court ordered the Schafts to return the Costicks' earnest money.
 {¶ 7} In August of 2003, the Schafts filed their complaint against the Costicks, alleging abuse of process and fraud. The complaint also set forth other claims against the realtor and realty company involved in the transaction. The Costicks filed an answer denying the allegations and bringing a counterclaim alleging the Schafts' suit was frivolous as defined in R.C.2323.51.
 {¶ 8} On October 24, 2003, the Costicks filed a motion for summary judgment or in the alternative for dismissal pursuant to Civ. R. 12. The Schafts filed a memorandum contra the motion for summary judgment or for dismissal for failure to state a claim. The court set the matter for non-oral hearing, and sustained the Costicks' motion on January 8, 2004. The trial court's entry of January 8 does not contain the language of Civ. R. 54 (B), and consequently this entry was not a final appealable order.
 {¶ 9} The Schafts voluntarily dismissed their complaint against the remaining defendants on August 13, 2004, and on August 30, 2004 the Costicks filed a motion for an award of attorney fees. The court scheduled a trial on the Costicks' counterclaim on December 15, 2004, and deferred the motion for attorney fees until then. On January 4, the trial court awarded appellees attorney fees in excess of $7,000. On January 12, 2005, the Schafts filed their notice of appeal from this entry.
 {¶ 10} At the outset, we must address the Costick's argument the Schafts' notice of appeal was untimely. The Costicks argue after the Schafts dismissed their complaint against the remaining defendants, the order was final and appealable.
 {¶ 11} This court has jurisdiction to review only final orders or judgments of courts within our district, see Section III (B)(2), Article IV of the Ohio Constitution. The appeal must be filed within 30 days, see App. R. 4.
 {¶ 12} Civ. R. 54 (B) states in pertinent part:
 {¶ 13} "When more than one claim for relief is presented in an action where there is a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any claims or parties . . ."
 {¶ 14} The Costicks' counterclaim was pending until January 4, 2005 when the trial court entered judgment on it. The prior orders were interlocutory because they did not include Civ. R. 54(B) language. The matter became final and appealable only after the court entered judgment on the counterclaim and thereby resolved all the claims between the parties.
 I {¶ 15} In their first assignment of error, the Schafts argue the trial court should not have dismissed their claims pursuant to Civ. R. 12 (B).
 {¶ 16} The Costicks' motion was stated in the alternative, for dismissal or summary judgment. From the record it appears the court and the parties treated the motion as one for summary judgment, see the procedural discussion supra.
 {¶ 17} Our standard of reviewing a summary judgment is de novo, that is, we review a summary judgment applying the same standard the trial court did, see, e.g., Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St. 3d 35.
 {¶ 18} We find the trial court did not err in dismissing the action, although it set forth an incorrect reason. Our review of the complaint in this case leads us to conclude the issues it raises deal with the same subject matter as the prior action. In their complaint, the Schafts alleged the Costicks committed fraud in the inducement of the purchase contract which was the subject of the earlier action. Fraud is one of the reasons to vacate a judgment and re-open an action pursuant to Civ. R. 60 (B). This is the method the Schafts should have used here to bring to the court's attention any allegation of newly discovered evidence of fraud that affected the purchase agreement.
 {¶ 19} The record is clear the subject of this action is the same as in the earlier case, which was dismissed with prejudice after counsel for both parties assured the court the matter had been settled. Neither party appealed the earlier decision.
 {¶ 20} The Costicks' motion included an allegation the matter was barred by the principles of res judicata. We find the earlier unappealed judgment is in effect unless the court reopens the case pursuant to Civ. R. 60(B). We conclude the trial court correctly dismissed the action, albeit for the wrong reason.
 {¶ 21} The first assignment of error is overruled. Knox County, Case No. 2005-CA-026.
 II {¶ 22} In their second assignment of error, the Schafts urge the court should not have considered the Costicks' action for frivolous conduct and sanctions because their claim was not timely filed.
 {¶ 23} R.C. 2323.51 (B) provides any party adversely affected by frivolous conduct may file a motion for award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action on appeal, at any time not more than 30 days after the entry of a final judgment in a civil action. In fact, some courts have held an assertion of frivolous conduct may be a compulsory counterclaim if the complaint itself is frivolous, see Stuber v. Parker (November 2, 2000), Cuyahoga App. No, 77495 and Civ.R.13. In any case, because we find supra, this matter was not final until January 4, 2005, we find the Costicks' motion for attorney fees was timely.
 {¶ 24} The second assignment of error is overruled.
 III. {¶ 25} R.C. 2323.51 defines frivolous conduct as, inter alia, conduct not warranted under existing law and not supported by a good faith argument for extending, modifying, or reversing existing law.
 {¶ 26} In their third assignment of error, the Schafts urge they did not act frivolously in bringing this action because it was warranted under law.
 {¶ 27} A motion for attorney fees presents a mixed question of law and fact, Wiltberger v. Davis (1996) 110 Ohio App.3d 46. We review questions of law de novo, and the question of whether an action is warranted under law is a question of law. In I supra, we find it was not warranted as a matter of law.
 {¶ 28} The Schafts also argue the Costicks did not meet their burden of proving the action was frivolous. We have reviewed the record, including the transcript of the hearing of December 15, 2004, and we find there is sufficient competent and credible evidence from which the court could find the action was frivolous.
 {¶ 29} The third assignment of error is overruled.
 IV {¶ 30} In their fourth assignment of error the Schafts argue the Costicks did not present evidence the attorney fees they requested were reasonable. R.C. 2323.51 provides each party who may be awarded attorney fees may submit an itemized list or other evidence of the legal services rendered.
 {¶ 31} The Costicks presented the court with extensive itemized billings and the parties addressed the matter at the December hearing, including testimony by Neil Costick and argument of counsel. The trial court complied with the requirements of the statute in setting a hearing and accepting the itemized bills.
 {¶ 32} The fourth assignment of error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellant.